1  Amy B. Vandeveld, SBN 137904
   LAW OFFICES OF AMY B. VANDEVELD
2  1850 Fifth Avenue, Suite 22
   San Diego, California  92101
3  Telephone:   (619) 231-8883
   Facsimile:   (619) 231-8329
4
   Attorney for Plaintiff
5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10 KAREL SPIKES,                         Case No. 08 CV 0454 H LSP

11         Plaintiff,

12 vs.                                   CIVIL COMPLAINT

13 TEPI-NORTE MEX-CITY; FRANCISCO        DEMAND FOR JURY TRIAL
   CHAVEZ; CHRISTINA CHAVEZ and DOES 1   [F.R.C.P. §38(b);
14 THROUGH 10, Inclusive,                Local Rule 38.1]

15         Defendants.

16

17     Plaintiff, KAREL SPIKES (hereinafter referred to as

18 "Plaintiff"), file this cause of action against Defendants TEPI-

19 NORTE MEX-CITY (hereinafter referred to as "MEX CITY"),

20 FRANCISCO CHAVEZ, CHRISTINA CHAVEZ and DOES 1 THROUGH 10,

21 Inclusive, and would show unto the Court the following:

22                                I.

23                    JURISDICTION AND VENUE

24     1.   This Court has original jurisdiction of this civil

25 action pursuant to 28 USC §1331, 28 USC §§1343(a)(3) and

26 1343(a)(4) for claims arising under the Americans with

27 Disabilities Act of 1990, 42 USC §12101 et seq. and the Court's

28 supplemental jurisdiction, 28 USC §1367.

FILED

'08 MAR 11  PM 2: 46

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:        CP        DEPUTY

CR

1     2.     Venue in this Court is proper pursuant to 28 USC

2  §§1391(b) and (c).

3     3.     Pursuant to 28 USC §1367(a), Plaintiff shall assert

4  all causes of action based on state law, as plead in this

5  complaint, under the supplemental jurisdiction of the federal

6  court.  All the causes of action based on federal law and those

7  based on state law, as herein stated, arose from a common nuclei

8  of operative fact.  That is, Plaintiff was denied equal access

9  to Defendants' facilities, goods, and/or services in violation

10  of both federal and state laws and/or was injured due to

11  violations of federal and state access laws.  The state actions

12  of Plaintiff are so related to the federal actions that they

13  form part of the same case or controversy.  The actions would

14  ordinarily be expected to be tried in one judicial proceeding.

15                                **II.**

16                           **THE PARTIES**

17     4.     Defendant MEX-CITY is, and at all times mentioned

18  herein was, a business or corporation or franchise organized and

19  existing and/or doing business under the laws of the State of

20  California.  MEX-CITY is located at 4988 Imperial Avenue, San

21  Diego, CA (hereinafter "the subject property".)  Plaintiff is

22  informed and believes and thereon alleges that Defendant MEX-

23  CITY is, and at all times mentioned herein was, the owner,

24  lessor or lessee of the subject property and/or the owner and/or

25  operator of the public accommodation located at the subject

26  property.

27     5.     Defendant FRANCISCO CHAVEZ is, and at all times

28  mentioned herein was, an individual residing in and/or doing

                                  2

1  business under the laws of the State of California.  Plaintiff is
2  informed and believes and thereon alleges that Defendant
3  FRANCISCO CHAVEZ is, and at all times mentioned herein was, the
4  owner, lessor or lessee of the subject property.

5      6.  Defendant CHRISTINA CHAVEZ is, and at all times
6  mentioned herein was, an individual residing in and/or doing
7  business under the laws of the State of California.  Plaintiff is
8  informed and believes and thereon alleges that Defendant
9  CHRISTINA CHAVEZ is, and at all times mentioned herein was, the
10 owner, lessor or lessee of the subject property.

11     7.  Plaintiff is informed and believes, and thereon
12 alleges, that Defendants and each of them herein were, at all
13 times relevant to the action, the owners, franchisees, lessees,
14 general partners, limited partners, agents, employees,
15 employers, representing partners, subsidiaries, parent
16 companies, joint venturers and/or divisions of the remaining
17 Defendants and were acting within the course and scope of that
18 relationship.  Plaintiff is further informed and believes, and
19 thereon alleges, that each of the Defendants herein gave
20 consent to, ratified, and/or authorized the acts alleged herein
21 of each of the remaining Defendants.

22     8.  Plaintiff is an otherwise qualified disabled
23 individual as provided in the Americans with Disabilities Act
24 of 1990, 42 USC §12102, Part 5.5 of the California Health &
25 Safety Code and the California Unruh Civil Rights Act, §§51, et
26 seq., 52, et seq., the California Disabled Persons Act, §§54,
27 et seq., and other statutory measures which refer to the
28 protection of the rights of "physically disabled persons."

3

1   Plaintiff visited the public accommodation owned and/or
2   operated by Defendants and/or located at the subject property
3   for the purpose of availing himself of the goods, services,
4   facilities, privileges, advantages, or accommodations operated
5   and/or owned by Defendants and/or located on the subject
6   property.

7        9.   Plaintiff is informed and believes and thereon alleges
8   that the subject facility has been newly constructed and/or
9   underwent remodeling, repairs, or alterations since 1971, and
10  that Defendants have failed to comply with California access
11  standards which applied at the time of each such new
12  construction and/or alteration.

13                              **III.**

14                              **FACTS**

15       10.  Plaintiff has a mobility impairment and uses a
16  wheelchair.  Moreover, he has had a history of or has been
17  classified as having a physical impairment, as required by 42
18  USC §12102(2)(A).

19       11.  On or about October 8, 2007 and November 26, 2007 and
20  continuing through the present date, Plaintiff was denied full
21  and equal access to the facilities owned and/or operated by the
22  Defendants because the facility and/or subject property were
23  inaccessible to members of the disabled community who use
24  wheelchairs for mobility.  Plaintiff was denied full and equal
25  access to portions of the property because of barriers which
26  included, but are not limited to, inaccessible path of travel,
27  inaccessible seating and lack of an accessible parking space,
28  as well as lack of signage for said space.  Plaintiff was also

                                4

1  denied full and equal access because of discriminatory policies
2  and practices regarding accommodating people with disabilities.
3  Plaintiff filed this lawsuit to compel compliance with access
4  laws and regulations.

5      12.  As a result of Defendants' failure to remove
6  architectural barriers, Plaintiff suffered injuries.  People
7  with disabilities, because of the existing barriers, are denied
8  full and equal access to the Defendants' facilities.  The ADA
9  has been in effect for more than 16 years.  Given the vast
10  availability of information about ADA obligations, including
11  FREE documents which are available from the U.S. Department of
12  Justice by calling (800) 514-0301 or at the following web
13  sites: **www.sba.gov/ada/smbusgd.pdf**, **www.ada.gov/taxpack.pdf** and
14  **www.usdoj.gov/crt/ada**, the failure of Defendants to comply with
15  their barrier removal obligations is contemptible.

16      13.  Plaintiff is an otherwise qualified individual as
17  provided in the Americans with Disabilities Act or 1990, 42 USC
18  §12102, the Rehabilitation Act of 1973, Section 504 (as amended
19  29 USC §794) and the California Unruh Civil Rights Act, Civil
20  Code §§51, 52, 54.1, and 54.3, and other statutory measures
21  which refer to the protection of the rights of "physically
22  disabled persons."  Plaintiff visited the public facilities
23  owned and operated by Defendants for the purpose of availing
24  himself of the goods and services offered and provided by
25  Defendants and/or for the purpose of obtaining removal of
26  architectural barriers and/or modification of policies,
27  practices and procedures to provide accessibility to people
28  with disabilities.  Plaintiff was injured in fact, as set forth

1    more specifically herein.

2         14.   Plaintiff alleges that Defendants will continue to

3    operate public accommodations which are inaccessible to him and

4    to other individuals with disabilities.   Pursuant to 42 USC

5    §12188(a), Defendants are required to remove architectural

6    barriers to their existing facilities.

7         15.   Plaintiff has no adequate remedy at law for the

8    injuries currently being suffered in that money damages will

9    not adequately compensate Plaintiff for the amount of harm

10   suffered as a result of exclusion from participation in the

11   economic and social life of this state.

12        16.   Plaintiff believes that architectural barriers

13   precluding Plaintiff full and equal access of the public

14   accommodation will continue to exist at Plaintiff's future

15   visits, which will result in future discrimination of

16   Plaintiff, in violation of the Americans with Disabilities Act.

17   Plaintiff is currently being subjected to discrimination

18   because Plaintiff cannot make use of and obtain full and equal

19   access to the facilities, goods and/or services offered by

20   Defendants to the general public.   Plaintiff seeks damages for

21   each offense relating to each of Plaintiff's visits to the

22   subject property when Plaintiff was denied full and equal

23   access to the subject property or was deterred from attempting

24   to avail himself of the benefits, goods, services, privileges

25   and advantages of the place of public accommodation at the

26   subject property because of continuing barriers to full and

27   equal access.

28   ///

1                                    **IV.**

2                            **FIRST CLAIM FOR**
                 **VIOLATION OF AMERICAN WITH DISABILITIES ACT**
3                            **42 USC §12101, et seq.**

4          17.   Plaintiff re-alleges and incorporates by reference

5    each and every allegation contained in paragraphs 1 through 16,

6    inclusive; as though set forth fully herein.

7          18.   Plaintiff was denied full and equal access to

8    Defendants' goods, services, facilities, privileges,

9    advantages, or accommodations within a public accommodation

10   owned, leased and/or operated by Defendants, in violation of 42

11   USC §12182(a).   Plaintiff was, therefore, subjected to

12   discrimination and is entitled to injunctive relief pursuant to

13   42 USC §12188 as a result of the actions or inaction of

14   Defendants.

15         19.   Among other remedies, Plaintiff seeks an injunctive

16   order requiring compliance with state and federal access laws

17   for all access violations which exist at the property,

18   requiring removal of architectural barriers and other relief as

19   the court may deem proper.   Plaintiff also seeks any other

20   order that will redress the discrimination to which he has been

21   subjected, is being subjected and/or will be subjected.

22                                    **V.**

23                            **SECOND CLAIM FOR**
                 **VIOLATION OF CALIFORNIA CIVIL CODE**
24

25         20.   Plaintiff re-alleges and incorporates by reference

26   each and every allegation contained in paragraphs 1 through 19,

27   inclusive, as though set forth fully herein.

28         21.   Based on the facts plead hereinabove and elsewhere in

                                      7

1  this complaint, Defendants did, and continue to, discriminate

2  against Plaintiff and persons similarly situated by denying

3  disabled persons full and equal access to and enjoyment of the

4  subject facilities and of Defendants' goods, services,

5  facilities, privileges, advantages or accommodations within a

6  public accommodation, in violation of California Civil Code

7  §§51, et seq., 52, et seq., and 54, et seq.

8      22.  Defendants' actions constitute a violation of

9  Plaintiff's rights under California Civil Code §§51, et seq.,

10 52, et seq., and 54, et seq. and therefore Plaintiff is

11 entitled to injunctive relief remedying all such violations of

12 California access laws and standards.  In addition, Plaintiff

13 is entitled to damages under California Civil Code §54.3 for

14 each offense.  The amount of damages suffered by Plaintiff is

15 not yet determined.  When the amount is ascertained, Plaintiff

16 will ask the Court for leave to amend this complaint to reflect

17 this amount.  Plaintiff is also entitled to and requests

18 attorneys' fees and costs.

19     23.  The actions of Defendants were and are in violation of

20 the Unruh Civil Rights Act, California Civil Code §§51, et seq.

21 and therefore Plaintiff is entitled to injunctive relief

22 remedying all such violations of California access laws and

23 standards.  In addition, Plaintiff is entitled to damages under

24 California Civil Code §52 for each offense.  The amount of

25 damages suffered by Plaintiff is not yet determined.  When the

26 amount is ascertained, Plaintiff will ask the Court for leave

27 to amend this complaint to reflect this amount.

28     24.  Plaintiff seeks all of the relief available to him

1  under Civil Code §§51, 52 et seq., 54, 54.1, 54.2, 54.3, and

2  any other Civil Code Sections which provide relief for the

3  discrimination suffered by Plaintiff, including damages and

4  attorneys fees.

5                                 **VI.**

6                         **THIRD CLAIM FOR**
                       **VIOLATION OF HEALTH AND**
7                  **SAFETY CODE §19950, ET SEQ.**

8         25.  Plaintiff re-alleges and incorporates by reference

9  each and every allegation contained in paragraphs 1 through 24,

10 inclusive, as though set forth fully herein.

11        26.  Defendants' facilities are public accommodations

12 within the meaning of Health and Safety Code §19950, et seq.,

13 and Plaintiff is informed and believes and thereon alleges that

14 Defendants have newly built or altered the subject property

15 and/or the subject facility since 1971 within the meaning of

16 California Health and Safety Code §19959.  The aforementioned

17 acts and omissions of Defendants constitute a denial of equal

18 access to the use and enjoyment of the Defendants' facilities

19 by people with disabilities.

20        27.  Defendants' failure to fulfill their duties to provide

21 full and equal access to their facilities by people with

22 disabilities has caused Plaintiff to suffer deprivation of

23 Plaintiff's civil rights, as well as other injuries.

24        28.  As a result of Defendants' violations of Health and

25 Safety Code §§19955, et seq., described herein, Plaintiff is

26 entitled to and requests injunctive relief pursuant to Health

27 and Safety Code §§19953, and to reasonable attorney's fees and

28 costs.

1                                **VII.**

2                  **FOURTH CLAIM FOR DECLARATORY RELIEF**

3          29.  Plaintiff re-alleges and incorporates by reference

4   each and every allegation contained in paragraphs 1 through 28,

5   inclusive, as though set forth fully herein.

6          30.  An actual controversy now exists in that Plaintiff is

7   informed and believes and thereon alleges that Defendants'

8   premises are in violation of the disabled access laws of the

9   State of California including, but not limited to, Civil Code

10  §§51, et seq., §§52, et seq., §§54, et seq., Health and Safety

11  Code §§19950, et seq., Government Code §§4450, et seq. and

12  7250, et seq., Title 24 of the California Code of Regulations,

13  and/or Title III of the Americans with Disabilities Act and its

14  implementing Accessibility Regulations.

15         31.  A declaratory judgment is necessary and appropriate at

16  this time so that each of the parties may know their respective

17  rights and duties and act accordingly.

18                               **VIII.**

19                 **FIFTH CLAIM FOR INJUNCTIVE RELIEF**

20         32.  Plaintiff re-alleges and incorporates by reference

21  each and every allegation contained in paragraphs 1 through 31,

22  inclusive, as though set forth fully herein.

23         33.  Plaintiff will suffer irreparable harm unless

24  Defendants are ordered to remove architectural barriers at

25  Defendants' public accommodation, and/or to modify their

26  policies and practices regarding accommodating people with

27  disabilities.  Plaintiff has no adequate remedy at law to

28  redress the discriminatory conduct of Defendants.

1    34.  Plaintiff seeks injunctive relief to redress
2  Plaintiff's injuries.
3                          **IX.**
4                       **JURY DEMAND**
5    35.  Pursuant to Rule 38 of the Federal Rules of Civil
6  Procedure, Plaintiffs hereby request a jury trial.
7    WHEREFORE, Plaintiff prays for judgment against the
8  Defendants, MEX-CITY, FRANCISCO CHAVEZ, CHRISTINA CHAVEZ and
9  DOES 1 through 10, as follows:
10   1.   For injunctive relief, compelling Defendants to comply
11        with the Americans with Disabilities Act, the Unruh
12        Civil Rights Act and the Disabled Persons Act. Note:
13        the plaintiff is not invoking section 55 of the
14        California Civil Code and is not seeking injunctive
15        relief under that section;
16   2.   That the Court declare the respective rights and
17        duties of Plaintiff and Defendants as to the removal
18        of architectural barriers at Defendants' public
19        accommodations;
20   3.   An order awarding Plaintiff actual, special and/or
21        statutory damages for violation of his civil rights
22        and for restitution including, but not limited to,
23        damages pursuant to the applicable Civil Code Sections
24        including, but not limited to, §§52 and 54.3 for each
25        and every offense of Civil Code §§51 and 54;
26   4.   An award of compensatory damages according to proof;
27   5.   An award of up to three times the amount of
28        actual damages pursuant to the Unruh Civil

                          11

1   Rights Act and the Disabled Persons Act; and

2   6.   An order awarding Plaintiff reasonable attorneys' fees

3   and costs;

4   7.   Such other and further relief as the Court deems

5   proper.

6   DATED:   3/6/08                 LAW OFFICES OF AMY B. VANDEVELD

7

8   _____

9   AMY B. VANDEVELD,
    Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**#  148666     —  SH**

**March 11, 2008**
**14:48:31**

**Civ Fil Non—Pris**
USAO #.: 08CV0454
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: BC3353

**Total—>   $350.00**

FROM: SPIKES V. MEX-CITY

## CIVIL COVER SHEET

JS44
(Rev. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

San Diego

**DEFENDANTS** MEX-CITY; FRANCISCO CHAVEZ; CHRISTINA CHAVEZ; and DOES 1 through 10, Inclusive.

San Diego

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Amy B. Vandeveld, Esq.
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, CA 92101    (619) 231-8883

**ATTORNEYS (IF KNOWN)**

'08 CV 0454 H LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- 1 U.S. Government Plaintiff
- XX Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)** FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12111, 11281-12184 and 12201 et. seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | | 625 Drug Related Seizure | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | of Property 21 USC881 | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 640 RR & Truck | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 650 Airline Regs | **SOCIAL SECURITY** | 810 Selective Service |
| | | 371 Truth in Lending | 660 Occupational Safety/Health | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | 862 Black Lung (923) | |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | | **LABOR** | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 740 Railway Labor Act | 871 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | 790 Other Labor Litigation | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Tort to Land | 444 Welfare | 540 Mandamus & Other | | | 950 Constitutionality of State |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- XX 1 Original Proceeding
- 2 Remanded from State Court
- 3 Remanded from Appelate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
- CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ To be determined at trial

JURY DEMAND: YES NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE 3/6/08

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

Ser 14866660  #350  3/11/08

CR