Pamela E. Havird, Attorney at Law
LAW OFFICES OF PAMELA E. HAVIRD
P.O. Box 370342
San Diego, CA. 92137
Phone (619) 237-0086
Facsimile (858) 408-3323
Attorney for defendants Francisco Chavez; and Christina Chavez



FILED
MAY - 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TEPI-NORTE MEX-CITY; FRANCISCO CHAVEZ; CHRISTINA CHAVEZ, and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | Case No. 08 CV U 454 H LSP<br><br>ANSWER TO CIVIL COMPLAINT |

　　　　Defendants Francisco Chavez and Christina Chavez (hereafter jointly "defendants" and/or "Responding Parties") answer the complaint filed in the above entitled matter by KAREL SPIKES (hereafter "plaintiff") as follows:

　　　　Pursuant to the provisions of Federal Rule 8, these answering defendants respond to the claims asserted by plaintiff as set forth below:

　　　　1.　　　　Defendants admit that the court has jurisdiction over the claims set forth in paragraph 1, and that the Court has venue as set forth in paragraph 2.

1

2. Defendants deny the allegations contained in paragraph 3 of the complaint which states that plaintiff was denied full and equal access to defendant's facilities in violation of federal and state laws. Defendants have no evidence that plaintiff has ever been to defendant's facilities, and/or that plaintiff was denied full and equal access to the facility at any time.

3. Defendants admit that Mex-City was a former tenant located at 4988 Imperial Avenue, San Diego, CA. (hereafter "subject property") as set forth in paragraph 4, and denies that Mex-City was the owner of the property.

4. Defendants admit that they are the owners of the subject property as alleged in paragraphs 5, and 6, and that they authorized only their own actions and not any other parties actions as alleged in paragraph 7.

5. Defendants have no knowledge about the plaintiff as alleged in paragraph 8, and do not know if plaintiff is "physically disabled" pursuant to the statutes alleged in the complaint, or if the plaintiff visited the subject property as alleged in the complaint.

6. Defendants are informed and believe that any remodeling and/or repairs to the subject property since 1971 as alleged in paragraph 9 are exempt from accessibility upgrades to the premises since the amount of the threshold for improvements under Title 24 stands at $86,770 in 1998.

7. Defendants have no knowledge of the plaintiff's history of his physical impairment described in paragraph 10, of the incidents wherein plaintiff claims that he was denied full and equal access to the subject premises and/or

discriminated against in paragraphs 11, 13, 18, 21, and 27 and/or of the alleged physical damages that plaintiff has suffered as pled in paragraphs 12 and 13.

8. Defendants deny that they have intentionally owned a premises in violation of any state and federal laws, and they are informed and believed that the subject premises was exempt under Title 24 for any required handicapped improvements. Defendants have no intention of leasing the subject property to any third parties with the intent for the premises to be inaccessible to any individuals with disabilities as alleged in paragraph 14.

9. Defendants disagree that there is no adequate remedy at law to compensate plaintiff for its injuries as alleged in paragraph 15.

10. Defendants have no knowledge of any injuries of plaintiff and are informed and believe that plaintiff may not have suffered any injuries as a result of the alleged incidents plead in this complaint, and/or as a result of the alleged architectural barriers at the subject property that plaintiff claims are offensive.

11. Defendants have no intention of violating the American with Disabilities Act, and/or to discriminate any members of the general public at the subject property and/or to deny full access to the property to any individual as alleged in paragraph 16.

12. Defendants agree to make any modifications to architectural barriers required by law, and consent to voluntarily comply with any state and federal laws without the need for an injunction as requested in paragraph 19.

13. Defendants deny the violation of plaintiff's rights as set forth in paragraph 22, and 23, and dispute the need to award any relief under paragraphs 24, 28 and 34.

14. Defendants admit that the building on the subject property is a public accommodation as described in paragraph 26.

15. Defendants deny that a controversy exists as alleged in paragraph 30, and without admitting any alleged violations of state and federal laws herein, defendants have voluntarily agreed to make changes to the subject property to made a van handicapped parking space, and to change the configuration of the dining tables on the patio to provide for a handicapped accessible table.

16. Defendants deny that a declaratory judgment is necessary under paragraph 31.

17. Defendants deny that plaintiff will suffer irreparable harm unless ordered to remove architectural barriers as set forth in paragraph 33.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the complaint, and each and every cause of action thereof, these answering defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Facts Sufficient to Constitute A Cause of Action)

The plaintiff in each Cause of Action hereof does not state facts sufficient to constitute a cause of action against these Responding Parties.

### SECOND AFFIRMATIVE DEFENSE
(Title 24 Exemption)

Any and all improvements by these Responding Parties at the subject property may be exempt from accessibility upgrades to the premises under Title 24, and/or since the responding party is informed and believes that any and all improvements to the facility substantially comply with the ADA statutes.

## ADDITIONAL DEFENSES

These Responding Parties reserve their rights to assert additional defenses in the even that discovery indicated that additional affirmative defenses are available.

WHEREFORE, these answering defendants pray for judgment as follows, and request from the Court an Order dismissing the complaint, with prejudice, with respect to all causes of action as to defendants FRANCISCO CHAVEZ and CHRISTINA CHAVEZ as set forth below:

1. An order declaring that plaintiff shall take nothing by this complaint;
2. For judgment against plaintiff and in favor of this answering defendant;
3. For a judgment for defense costs and fees from plaintiff, and awarded to defendant;
4. For costs of suit incurred herein; and
5. For such other and further relief as the court may deem just and proper.

LAW OFFICES OF PAMELA E. HAVIRD

Dated: May 6, 2008     By: _____
Pamela E Havird, Attorney for defendants
FRANCISCO CHAVEZ, and CHRISTINA CHAVEZ

PROOF OF SERVICE BY MAIL

I, PAMELA E. HAVIRD, declare that:

I am over the age of eighteen years and not a party to this action; I am a member of the Bar of the County of San Diego and am employed in the County of San Diego, California, where the mailing occurs; and my business address is P. O. Box 370342, San Diego, CA. 92137. I further declare that I am readily familiar with the business practices for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice this correspondence will be deposited with the United States Postal Service the same day in the Ordinary course of business. I caused to be served the following document(s):

ANSWER TO COMPLAINT.

By placing a copy thereof in a separate envelope for each addressee respectively as follows:

Amy B. Vandeveld
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, CA. 92101

__XX__ I then sealed each envelope and, with the postage thereon fully prepaid, either deposited each in the United States Postal Service or placed each for collection and mailing on May 6, 2008 in San Diego, California, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 6th day of May 2008.

PAMELA E. HAVIRD