```
 1  Amy B. Vandeveld, SBN 137904
    LAW OFFICES OF AMY B. VANDEVELD
 2  1850 Fifth Avenue, Suite 22
    San Diego, California  92101
 3  Telephone:  (619) 231-8883
    Facsimile:  (619) 231-8329
 4
    Attorney for Plaintiff
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9              SOUTHERN DISTRICT OF CALIFORNIA
10  KAREL SPIKES,                    Case No.: 08 CV 0454 H
                                     (LSP)
11           Plaintiff,
                                     FIRST AMENDED
12  vs.                              CIVIL COMPLAINT
13  TEPI-NORTE MEX-CITY; FRANCISCO   DEMAND FOR JURY TRIAL
    CHAVEZ; CHRISTINA CHAVEZ; ROBERTO [F.R.C.P. §38(b); Local
14  BARNET, individually and dba OLD  Rule 38.1]
    COTIJAS and DOES 1 THROUGH 10,
15  Inclusive,
16           Defendants.
17
18     Plaintiff, KAREL SPIKES (hereinafter referred to as
19  "Plaintiff"), file this cause of action against Defendants TEPI-
20  NORTE MEX-CITY (hereinafter referred to as "MEX-CITY"),
21  FRANCISCO CHAVEZ, CHRISTINA CHAVEZ and ROBERTO BARNET
22  individually and dba OLD COTIJAS (hereinafter referred to as
23  "OLD COTIJAS") and DOES 1 THROUGH 10, Inclusive, and would show
24  unto the Court the following:
25                            I.
26                   JURISDICTION AND VENUE
27     1.  This Court has original jurisdiction of this civil
28
```

action pursuant to 28 USC §1331, 28 USC §§1343(a)(3) and 1343(a)(4) for claims arising under the Americans with Disabilities Act of 1990, 42 USC §12101 et seq. and the Court's supplemental jurisdiction, 28 USC §1367.

2. Venue in this Court is proper pursuant to 28 USC §§1391(b) and (c).

3. Pursuant to 28 USC §1367(a), Plaintiff shall assert all causes of action based on state law, as plead in this complaint, under the supplemental jurisdiction of the federal court. All the causes of action based on federal law and those based on state law, as herein stated, arose from a common nuclei of operative fact. That is, Plaintiff was denied equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws and/or was injured due to violations of federal and state access laws. The state actions of Plaintiff are so related to the federal actions that they form part of the same case or controversy. The actions would ordinarily be expected to be tried in one judicial proceeding.

## II.

## THE PARTIES

4. Defendant MEX-CITY is, and at all times mentioned herein was, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. MEX-CITY is located at 4988 Imperial Avenue, San Diego, CA (hereinafter "the subject property".) Plaintiff is informed and believes and thereon alleges that Defendant MEX-CITY is, and was, the owner, lessor or lessee of the subject property and/or the owner and/or operator of the public

1  accommodation located at the subject property.
2      5.   Defendant FRANCISCO CHAVEZ is, and at all times
3  mentioned herein was, an individual residing in and/or doing
4  business under the laws of the State of California.  Plaintiff is
5  informed and believes and thereon alleges that Defendant
6  FRANCISCO CHAVEZ is, and at all times mentioned herein was, the
7  owner, lessor or lessee of the subject property.
8      6.   Defendant CHRISTINA CHAVEZ is, and at all times
9  mentioned herein was, an individual residing in and/or doing
10 business under the laws of the State of California.  Plaintiff is
11 informed and believes and thereon alleges that Defendant
12 CHRISTINA CHAVEZ is, and at all times mentioned herein was, the
13 owner, lessor or lessee of the subject property.
14     7.   Defendant ROBERTO BARNET is, and at all times
15 mentioned herein was, an individual residing within the County
16 of San Diego and/or doing business as OLD COTIJAS under the
17 laws of the State of California.  OLD COTIJAS was located at
18 4988 Imperial Avenue, San Diego, CA (hereinafter "the subject
19 property".)  Plaintiff is informed and believes and thereon
20 alleges that Defendant OLD COTIJAS is, and at all times
21 mentioned herein was, the owner, lessor or lessee of the
22 subject property and/or the owner and/or operator of the public
23 accommodation located at the subject property.
24     8.   Plaintiff is informed and believes, and thereon
25 alleges, that Defendants and each of them herein were, at all
26 times relevant to the action, the owners, franchisees, lessees,
27 general partners, limited partners, agents, employees, employers,
28 representing partners, subsidiaries, parent companies, joint

3

1 venturers and/or divisions of the remaining Defendants and were
2 acting within the course and scope of that relationship.
3 Plaintiff is further informed and believes, and thereon alleges,
4 that each of the Defendants herein gave consent to, ratified,
5 and/or authorized the acts alleged herein of each of the
6 remaining Defendants.
7    9.    Plaintiff is an otherwise qualified disabled individual
8 as provided in the Americans with Disabilities Act of 1990, 42
9 USC §12102, Part 5.5 of the California Health & Safety Code and
10 the California Unruh Civil Rights Act, §§51, et seq., 52, et
11 seq., the California Disabled Persons Act, §§54, et seq., and
12 other statutory measures which refer to the protection of the
13 rights of "physically disabled persons."  Plaintiff visited the
14 public accommodation owned and/or operated by Defendants and/or
15 located at the subject property for the purpose of availing
16 himself of the goods, services, facilities, privileges,
17 advantages, or accommodations operated and/or owned by Defendants
18 and/or located on the subject property.
19    10.    Plaintiff is informed and believes and thereon alleges
20 that the subject facility has been newly constructed and/or
21 underwent remodeling, repairs, or alterations since 1971, and
22 that Defendants have failed to comply with California access
23 standards which applied at the time of each such new construction
24 and/or alteration.
25                              III.
26                             **FACTS**
27    11.    Plaintiff has a mobility impairment and uses a
28 wheelchair.  Moreover, he has had a history of or has been

1  classified as having a physical impairment, as required by 42 USC
2  §12102(2)(A).
3       12.  On or about October 8, 2007 and November 26, 2007 and
4  continuing through the present date, Plaintiff was denied full
5  and equal access to the facilities owned and/or operated by the
6  Defendants because the facility and/or subject property were
7  inaccessible to members of the disabled community who use
8  wheelchairs for mobility.  Plaintiff was denied full and equal
9  access to portions of the property because of barriers which
10 included, but are not limited to, inaccessible path of travel,
11 inaccessible seating and lack of an accessible parking space, as
12 well as lack of signage for said space.  Plaintiff was also
13 denied full and equal access because of discriminatory policies
14 and practices regarding accommodating people with disabilities.
15 Plaintiff filed this lawsuit to compel compliance with access
16 laws and regulations.
17      13.  As a result of Defendants' failure to remove
18 architectural barriers, Plaintiff suffered injuries.  People with
19 disabilities, because of the existing barriers, are denied full
20 and equal access to the Defendants' facilities.  The ADA has been
21 in effect for more than 17 years.  Given the vast availability of
22 information about ADA obligations, including FREE documents which
23 are available from the U.S. Department of Justice by calling
24 (800) 514-0301 or at the following web sites:
25 **www.sba.gov/ada/smbusgd.pdf, www.ada.gov/taxpack.pdf** and
26 **www.usdoj.gov/crt/ada**, the failure of Defendants to comply with
27 their barrier removal obligations is contemptible.
28      14.  Plaintiff is an otherwise qualified individual as

provided in the Americans with Disabilities Act or 1990, 42 USC §12102, the Rehabilitation Act of 1973, Section 504 (as amended 29 USC §794) and the California Unruh Civil Rights Act, Civil Code §§51, 52, 54.1, and 54.3, and other statutory measures which refer to the protection of the rights of "physically disabled persons." Plaintiff visited the public facilities owned and operated by Defendants for the purpose of availing himself of the goods and services offered and provided by Defendants and/or for the purpose of obtaining removal of architectural barriers and/or modification of policies, practices and procedures to provide accessibility to people with disabilities. Plaintiff was injured in fact, as set forth more specifically herein.

15. Plaintiff alleges that Defendants will continue to operate public accommodations which are inaccessible to him and to other individuals with disabilities. Pursuant to 42 USC §12188(a), Defendants are required to remove architectural barriers to their existing facilities.

16. Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately compensate Plaintiff for the amount of harm suffered as a result of exclusion from participation in the economic and social life of this state.

17. Plaintiff believes that architectural barriers precluding Plaintiff full and equal access of the public accommodation will continue to exist at Plaintiff's future visits, which will result in future discrimination of Plaintiff, in violation of the Americans with Disabilities Act. Plaintiff is currently being subjected to discrimination because Plaintiff

cannot make use of and obtain full and equal access to the facilities, goods and/or services offered by Defendants to the general public. Plaintiff seeks damages for each offense relating to each of Plaintiff's visits to the subject property when Plaintiff was denied full and equal access to the subject property or was deterred from attempting to avail himself of the benefits, goods, services, privileges and advantages of the place of public accommodation at the subject property because of continuing barriers to full and equal access.

## IV.

### FIRST CLAIM FOR VIOLATION OF AMERICAN WITH DISABILITIES ACT 42 USC §12101, et seq.

18. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17, inclusive, as though set forth fully herein.

19. Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC §12182(a). Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC §12188 as a result of the actions or inaction of Defendants.

20. Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations which exist at the property, requiring removal of architectural barriers and other relief as the court may deem proper. Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is

1 being subjected and/or will be subjected.

2 v.

3 **SECOND CLAIM FOR**
**VIOLATION OF CALIFORNIA CIVIL CODE**

4

5     21. Plaintiff re-alleges and incorporates by reference each
6 and every allegation contained in paragraphs 1 through 20,
7 inclusive, as though set forth fully herein.
8     22. Based on the facts plead hereinabove and elsewhere in
9 this complaint, Defendants did, and continue to, discriminate
10 against Plaintiff and persons similarly situated by denying
11 disabled persons full and equal access to and enjoyment of the
12 subject facilities and of Defendants' goods, services,
13 facilities, privileges, advantages or accommodations within a
14 public accommodation, in violation of California Civil Code §§51,
15 et seq., 52, et seq., and 54, et seq.
16     23. Defendants' actions constitute a violation of
17 Plaintiff's rights under California Civil Code §§51, et seq., 52,
18 et seq., and 54, et seq. and therefore Plaintiff is entitled to
19 injunctive relief remedying all such violations of California
20 access laws and standards. In addition, Plaintiff is entitled to
21 damages under California Civil Code §54.3 for each offense. The
22 amount of damages suffered by Plaintiff is not yet determined.
23 When the amount is ascertained, Plaintiff will ask the Court for
24 leave to amend this complaint to reflect this amount. Plaintiff
25 is also entitled to and requests attorneys' fees and costs.
26     24. The actions of Defendants were and are in violation of
27 the Unruh Civil Rights Act, California Civil Code §§51, et seq.
28 and therefore Plaintiff is entitled to injunctive relief

1  remedying all such violations of California access laws and
2  standards.  In addition, Plaintiff is entitled to damages under
3  California Civil Code §52 for each offense.  The amount of
4  damages suffered by Plaintiff is not yet determined.  When the
5  amount is ascertained, Plaintiff will ask the Court for leave to
6  amend this complaint to reflect this amount.
7      25.  Plaintiff seeks all of the relief available to him
8  under Civil Code §§51, 52 et seq., 54, 54.1, 54.2, 54.3, and any
9  other Civil Code Sections which provide relief for the
10 discrimination suffered by Plaintiff, including damages and
11 attorneys fees.

## VI.

### THIRD CLAIM FOR VIOLATION OF HEALTH AND SAFETY CODE §19950, ET SEQ.

15      26.  Plaintiff re-alleges and incorporates by reference each
16 and every allegation contained in paragraphs 1 through 25,
17 inclusive, as though set forth fully herein.
18      27.  Defendants' facilities are public accommodations within
19 the meaning of Health and Safety Code §19950, et seq., and
20 Plaintiff is informed and believes and thereon alleges that
21 Defendants have newly built or altered the subject property
22 and/or the subject facility since 1971 within the meaning of
23 California Health and Safety Code §19959.  The aforementioned
24 acts and omissions of Defendants constitute a denial of equal
25 access to the use and enjoyment of the Defendants' facilities by
26 people with disabilities.
27      28.  Defendants' failure to fulfill their duties to provide
28 full and equal access to their facilities by people with

disabilities has caused Plaintiff to suffer deprivation of Plaintiff's civil rights, as well as other injuries.

29.  As a result of Defendants' violations of Health and Safety Code §§19955, et seq., described herein, Plaintiff is entitled to and requests injunctive relief pursuant to Health and Safety Code §§19953, and to reasonable attorney's fees and costs.

## VII.

### FOURTH CLAIM FOR DECLARATORY RELIEF

30.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29, inclusive, as though set forth fully herein.

31.  An actual controversy now exists in that Plaintiff is informed and believes and thereon alleges that Defendants' premises are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code §§51, et seq., §§52, et seq., §§54, et seq., Health and Safety Code §§19950, et seq., Government Code §§4450, et seq. and 7250, et seq., Title 24 of the California Code of Regulations, and/or Title III of the Americans with Disabilities Act and its implementing Accessibility Regulations.

32.  A declaratory judgment is necessary and appropriate at this time so that each of the parties may know their respective rights and duties and act accordingly.

## VIII.

### FIFTH CLAIM FOR INJUNCTIVE RELIEF

33.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32, inclusive, as though set forth fully herein.

34. Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation, and/or to modify their policies and practices regarding accommodating people with disabilities. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

35. Plaintiff seeks injunctive relief to redress Plaintiff's injuries.

## IX.

## JURY DEMAND

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a jury trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants, MEX-CITY, FRANCISCO CHAVEZ, CHRISTINA CHAVEZ, OLD COTIJAS and DOES 1 through 10, as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act, the Unruh Civil Rights Act and the Disabled Persons Act.

2. That the Court declare the respective rights and duties of Plaintiff and Defendants as to the removal of architectural barriers at Defendants' public accommodations;

3. An order awarding Plaintiff actual, special and/or statutory damages for violation of his civil rights and for restitution including, but not limited to, damages pursuant to the applicable Civil Code Sections including, but not limited to, §§52 and 54.3 for each and every offense of Civil Code §§51 and 54;

1  4.  An award of compensatory damages according to proof;
2  5.  An award of up to three times the amount of
3      actual damages pursuant to the Unruh Civil
4      Rights Act and the Disabled Persons Act; and
5  6.  An order awarding Plaintiff reasonable attorneys' fees
6      and costs;
7  7.  Such other and further relief as the Court deems
8      proper.

DATED:    May 21, 2008          LAW OFFICES OF AMY B. VANDEVELD

                                S/ AMY B. VANDEVELD
                                Attorney for Plaintiff
                                Email: abvusdc@hotmail.com